IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE DARRIMON AND JOSH DARRIMON,<br><br>Plaintiffs,<br><br>v.<br><br>JEFF SMITH,<br><br>Defendant.<br>/ | No. C 16-00808 WHA<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT AND DENYING REQUEST FOR FEES AND REFERRING TO THE STATE BAR** |

## INTRODUCTION

In this unlawful detainer action, plaintiff and counter-defendant Diane Darrimon moves to remand, moves to dismiss defendant Jeff Smith's counter-claims, and asks for costs and attorney's fees. For the reasons stated herein, plaintiff Darrimon's motion to remand the action is **GRANTED**. In light of the remand, plaintiff's motion to dismiss is **DENIED WITHOUT PREJUDICE AS MOOT**. Because plaintiff Darrimon withdrew her request for costs and attorney's fees at the hearing, her request is **DENIED AS MOOT**.

## STATEMENT

On January 7, 2016, plaintiff filed an action for unlawful detainer against defendant Smith in Lake County Superior Court. On February 17, 2016, defendant Smith, who is pro se, removed the action under 28 U.S.C. 1331 (Dkt. No. 1). Defendant Smith then asserted counterclaims under the Fair Debt Collection Practices Act (FDCPA) against plaintiff Darrimon and her son, Josh Darrimon, counter-defendant (Dkt. No. 2). Plaintiff Darrimon then filed a motion to remand, a motion to dismiss, and a request for costs and attorney's fees. At first,

defendant Smith did not respond to these motions nor to an order to show cause that followed. Defendant Smith eventually responded to a second order to show cause and filed oppositions to the motions.

**ANALYSIS**

**1.    MOTION TO REMAND.**

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction. 28 U.S.C. 1441(b). Under the "well-pleaded complaint" rule, federal-question jurisdiction exists only where the federal question appears on the face of the complaint. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996). A defense or counterclaim cannot serve as the basis for federal-question jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

Here, the face of the complaint asserts a state law claim for unlawful detainer only. An unlawful detainer action arises purely under state law and therefore cannot provide grounds for removal. *Snavely v. Johnson*, No. C 15-03773 WHA, 2015 WL 5242925, at *2 (N.D. Cal. Sept. 8, 2015). Defendant's assertion of counterclaims under the FDCPA fails to cure the problem. "[A] counterclaim — which appears as part of the defendant's answer, not as part of the plaintiff's complaint — cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Because there is no basis for federal-question jurisdiction, and because plaintiff does not claim the parties are diverse, subject-matter jurisdiction does not exist. Plaintiff Darrimon's request to remand the action is therefore **GRANTED**.

**2.    REQUEST FOR COSTS AND ATTORNEY FEES.**

Plaintiff Darrimon initially requested costs and attorney's fees. At the hearing, however, she withdrew this request. Plaintiff Darrimon's request for costs and attorney's fees is therefore **DENIED AS MOOT**.

**CONCLUSION**

For the foregoing reasons, plaintiff Darrimon's request to remand the action is therefore **GRANTED**. Plaintiff Darrimon's request for costs and attorney's fees is **DENIED AS MOOT**. Plaintiff Darrimon's motion to dismiss is **DENIED WITHOUT PREJUDICE AS MOOT**.

It appears to the undersigned judge that defendant Smith is abusing the legal process in order to keep a foothold on the property, thereby depriving the owner, plaintiff Darrimon, of possession of the property.

Furthermore, defendant Smith has evidently been practicing law without a license. The clerk will send a copy of this order and a transcript of the hearing to the State Bar of California for its consideration.

**IT IS SO ORDERED.**

Dated: June 1, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE